UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAMUEL WAKNINE AND JEANNE BENNY-WAKNINE, | : | |
| | : | |
| Plaintiffs, | : | Case No. 3:23-cv-00505 (SRU) |
| v. | : | |
| | : | |
| AMGUARD INSURANCE COMPANY | : | |
| | : | November 26, 2024 |
| Defendant. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JURY TRIAL

Pursuant to D. Conn. L. Civ. R. 7(a), plaintiffs, Samuel Waknine and Jeanne Benny-Waknine (collectively "Plaintiffs"), by and through their undersigned counsel, respectfully submit their Memorandum of Law in Support of their Fed. R. Civ. P. 39(b) and 6(b) Motion for Jury Trial ("Plaintiffs' Motion").

## BACKGROUND

Plaintiffs commenced this action against defendant AmGuard Insurance Company ("Defendant") in Connecticut Superior Court by serving Defendant with process on March 23, 2023 and returning the served process to the Superior Court on April 20, 2023. Defendant removed Plaintiffs' action to this Court the day after it was returned to the Superior Court, April 21, 2023, by filing a notice of removal. At the time of the filing of the notice of removal the only pleading that had been filed in the Superior Court was Plaintiffs' complaint (the "Complaint"). A jury demand was not filed in the Superior Court prior to removal.

The Complaint alleged five claims for relief: breach of contract (First and Second Count), negligence (Third Count), violation of the Connecticut Unfair Trade Practices Act ("CUTPA") (Fourth Count), and negligent infliction of emotional distress (Fifth Count). On May 24, 2023, Defendant filed a motion to dismiss the Third and Fifth Counts (the "Motion to Dismiss"). The

1

Motion to Dismiss was fully briefed on June 28, 2023 and the Court heard argument on March 4, 2024. Following argument the Court dismissed Count Three but did not dismiss Count Five. Defendant thereafter filed its answer and affirmative defenses on June 25, 2024 (Defendant's answer was due on March 25, 2024, (*see* ECF 35, 37), but was not filed until June 25, 2024, and was filed only after Plaintiffs' counsel asked Defendant to file its answer).

The parties engaged in written discovery during the summer and fall of 2023 while the Motion to Dismiss was pending and in the spring of 2024 started, but have not completed, the deposition of a single third-party witness. No party depositions have been conducted and pursuant to the most recent Amened Scheduling Order the parties have until March 21, 2025 to complete fact discovery and until August 29, 2025 to complete expert discovery, with certain phased expert discovery deadlines occurring between April 11, 2025 and August 29, 2025. (*See* ECF 45-1). Dispositive motions are currently required to be filed on or before October 10, 2025, *id.*, and even if dispositive motions are not filed, it is unlikely that the case will be trial ready until at least late October 2025, sixty days after the close of discovery, and nearly a year from now. The most recent dates were extended by consent motion filed by Plaintiffs in late September 2024 to allow the parties to focus their efforts and resources on attempting to resolve the case through mediation before returning to the completion of discovery. The mediation was conducted less than one week ago but was unsuccessful.

Around the time the case was removed to this Court undersigned counsel reviewed Fed. R. Civ. P. 81(c)(3) and understood from the plain language of sections (A) and (B) of the rule that a jury demand was not required to be made with this Court because: (i) at the time of removal, one day after process was returned to the Superior Court, a jury demand had not been made with the Superior Court, (ii) Connecticut "state law **did not** require an express demand for a jury trial" prior

to the date of removal, and (iii) all necessary pleadings had not been served as of the time of removal. Thus, a jury demand was not made following the filing of Defendant's answer.

The parties engaged in a settlement conference with Magistrate Judge Richardson on November 20, 2024. Shortly before the settlement conference undersigned counsel again reviewed Fed. R. Civ. P. 81(c)(3), as well as case law interpreting the rule, and discovered that courts have read the phrase "state law ***did not*** require" to mean "state law ***does not*** require" such that if state law would have required a jury demand at some future time a jury demand is required to be made after removal in accordance with Fed. R. Civ. P. 38. *See Hoag v. Cellco P'Ship*, 2007 U.S. Dist. LEXIS 11136, *2 (D. Conn., Feb. 26, 2007) (noting that Rule 81(c) provides that "[i]f state law applicable in the court from which the case is removed ***does not*** require the parties to make express demands in order to claim trial by jury, . . .") (emphasis added). Accordingly, at the completion of the settlement conference Plaintiffs' counsel asked Defendant, through its counsel, if they would consent to a jury trial; Defendant declined.

## ARGUMENT

### A. A Jury Trial Should be Ordered Pursuant to Fed. R. Civ. P. 39(b)

Fed. R. Civ. P. 81(c)(3) sets forth the procedure for demanding a jury trial in a removed case:

> (c) Removed Actions.
>
> (1) *Applicability.* These rules apply to a civil action after it is removed from a state court.
>
> \*   \*   \*
>
> (3) *Demand for a Jury Trial.*
>
> (A) *As Affected by State Law.* A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal. If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time. The court must so order at a party's request and may so order on its own. A party who fails to make a demand when so ordered waives a jury trial.

3

> (B) *Under Rule 38.* If all necessary pleadings have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 14 days after:
>
>> (i) it files a notice of removal; or
>>
>> (ii) it is served with a notice of removal filed by another party.

Plaintiffs did not demand a jury trial in the Superior Court before removal, and all necessary pleadings had not been served at the time of removal. Thus, neither the first clause of Rule 81(c)(3)(A) nor 81(c)(3)(B) applies, leaving as applicable the second clause of Rule 81(c)(3)(A): "If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time." Courts have held that this provision requires a jury demand to be made in accordance with Fed. R. Civ. P. 38(b) if the law of the state from which the case was removed requires a jury demand to be made. *See Hoag*, 2007 U.S. Dist. LEXIS 11136, at *2-*3. *See also*, *Osei-Assibey v. Stop & Shop Supermarket Co. LLC*, 2023 U.S. Dist. LEXIS 123282, *2-*3, *6 (D. Conn., July 18, 2023) (denying jury demand made day before the parties filed their Joint Trial Memorandum and noting that because Connecticut law requires a jury demand Rule 38, and not Rule 81, governed plaintiff's jury demand). Plaintiffs do not dispute that Rule 83(c)(3)(A) has been interpreted to require a jury demand to be made in accordance with Rule 38(b) under circumstances similar to those of this case and thus a jury demand should have been made no later than 14-days after Defendant filed its answer, *i.e.*, on or before July 5, 2024. Plaintiffs likewise do not dispute that a timely jury demand was not made.

Fed. R. Civ. P. 39(b) provides that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." District courts have greater discretion in granting Rule 39(b) motions in removed cases. *See Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389 (2d Cir. 1983); *Cole v. United of Omaha Life Ins. Co.*, 2016 U.S. Dist. LEXIS 28510, *6 (D. Conn.,

March 7, 2016) ("... the Second Circuit specifically noted that greater leniency is appropriate in [deciding Rule 39(b) motions] in removed cases") (*citing Cascone*, at 392); *Hoag*, 2007 U.S. Dist. LEXIS 11136, at *4 (noting that in removed cases the requirement to show more than mere inadvertence to obtain relief under Rule 39(b) is relaxed) (citing *Cascone*).

In applying the more relaxed standard for relief under Rule 39(b) in removed cases district courts look to "(1) whether the case is traditionally of the type tried by a jury, (2) whether the parties have proceeded on the assumption that the matter would be tried to a jury, and (3) whether the defendant will be prejudiced." *Cote*, 2016 U.S. Dist. LEXIS 28510, at *6 (*citing Cascone*); *Hoag*, 2007 U.S. Dist. LEXIS 11136, at *4 (including as a factor to be considered "counsel's familiarity with state court practice versus federal court practice"); *Janetos v. Home Depot U.S.A., Inc.*, 2012 U.S. Dist. LEXIS 137595, *13 (E.D.N.Y., Sept. 25, 2012) (identifying prejudice as one of three factors to be considered in deciding a motion under Rule 39(b) in a removed case and stating that "[t]he inquiry is not whether Defendant will be prejudiced by a jury trial, but whether Defendant will suffer prejudice as a result of the *late demand* for a jury trial"). In this case each factor weighs in favor of granting Plaintiffs' Motion and ordering a jury trial on each of the four remaining counts of the Complaint.

    i.    **The Remaining Counts are of the Type Traditionally Tried to a Jury**

Plaintiffs' breach of contract claims, the First and Second Counts of the Complaint, seek to recover under a policy of insurance issued to them by Defendant for damage to their residence and personal property caused by two separate weather events that occurred approximately three weeks apart in August 2020. Breach of insurance contract claims are traditionally tried to a jury. *National Union Fire Ins. Co. v. L.E. Myers Co. Group*, 928 F. Supp. 394, 397-98 (S.D.N.Y. 1996) ("First, the issues in the case are ones that are typically tried before a jury. National Union's claims

involve fact-intensive questions regarding the construction and interpretation of an insurance policy, as well as the intent and understanding of various parties."). *See also*, *Cote*, 2016 U.S. Dist. LEXIS 28510, at *7-*8 (noting that depending on the issue an insurance coverage claim could be tried to a jury or the court but "because at this stage of the case, the Court must draw all reasonable inferences in Plaintiff's favor, it will assume that this factor favors [plaintiff]"). As for Plaintiffs' Fourth Count, for violation of CUTPA resulting from a violation of the Connecticut Unfair Insurance Practices Act, counsel did not locate any case law discussing whether CUTPA claims are, or are not, traditionally tried to juries, but at a minimum CUTPA plaintiffs have a right to trial by jury on a number of issues as determined by the Connecticut legislature. *See* Conn. Gen. Stat. § 42-110g(g). Lastly, Plaintiffs' Fifth Count, for negligent infliction of emotional distress, is a claim for personal injuries which are traditionally tried to juries. *See Hoag*, 2007 U.S. Dist. LEXIS 11136, at *4-*5 ("This case involves claims for a personal injury based on discrimination and related conduct; thus, it is a matter typically tried by a jury.") (citations omitted).

    **ii.**    **It is not Known What Assumption Defendant has Proceeded Upon**

Plaintiffs do not know whether Defendant has proceeded on the assumption that the case would be tried to a jury, but Defendant could not have proceeded on any other assumption until at the earliest early July 2024, when Plaintiffs' jury demand would have been filed in accordance with Rule 38(b). The bulk of the activity that occurred in the case between July 2024 and the present date involved efforts at settlement and a settlement conference. Party depositions have yet to occur and will be conducted prior to the fact discovery cutoff date of March 21, 2025, which is nearly four (4) months away. Defendant is now fully aware, if it was not already, both through discussions following the November 20, 2024 settlement conference and Plaintiffs' Motion, that

Plaintiffs are demanding a jury trial. Thus, Defendant is able to prepare for a jury trial in the same way it would have been if Plaintiffs had made a jury demand in July 2024. *See Janetos*, 2012 U.S. Dist. LEXIS 137595, at *13-*15 (granting plaintiff's Rule 39(b) motion and reopening discovery on a limited basis to alleviate defendant's complained of prejudice in preparing for a bench rather than jury trial).

Plaintiffs have proceeded as if the case would be tried to a jury. Indeed, but for Plaintiffs' counsel's belief that no jury demand was required based on the plain language of Rule 81(c)(3)(A) a jury demand would have been filed in July 2024.[1]

### iii.     Defendant Will not be Prejudiced by the Granting of the Motion

Defendant will not be prejudiced by the granting of Plaintiffs' motion. Only one deposition has been conducted to date and that deposition was of a non-party and has not even been completed. Defendant has nearly four months to complete fact discovery, including taking the Plaintiffs' respective depositions and any other third-party depositions it believes are necessary with full knowledge that the case will be tried to a jury. Indeed, if Defendant believes it needs to adjust its strategy to account for a jury trial it has more than sufficient time to do so both with fact and expert discovery. Thus, Defendant is not prejudiced by Plaintiffs' late jury demand. *See Janetos,* 2012 U.S. Dist. LEXIS 137595, *13 ("T]he inquiry is not whether Defendant will be prejudiced by a jury trial, but whether Defendant will suffer prejudice as a result of the *late demand for a jury trial*").

---

[1] Counsel does not suggest that they are unfamiliar with this Court's rules or practice in the federal courts and are not claiming that the *Hoag* factor regarding "counsel's familiarity with state court practice versus federal court practice" should be considered. Indeed, counsel reviewed the applicable rule and believed, based on its plain language, that a jury demand was not required as it would have been if the case had been commenced in federal court. *See Gold & Rosenblatt, LLC v. JP Morgan Chase Bank, N.A.*, 2012 U.S. Dist. LEXIS 65192, *7 (S.D.N.Y., May 8, 2012) (refusing to apply more stringent *Noonan* test to Rule 39(b) motion where plaintiff's counsel had knowledge of the applicable federal procedures).

## B. Plaintiffs' Time to File a Jury Demand Should be Extended Pursuant to Rule 6(b)

Federal Rule of Civil Procedure 6(b)(1)(B) provides courts with authority to extend deadlines for parties to perform certain acts even if the deadline has already passed:

> (b) Extending Time.
>
> (1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> \* \* \*
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b). Courts have used the discretion afforded them under Rule 6(b) to extend the deadline for a party to file a jury demand under Rule 38(b). *See Hoag*, 2007 U.S. Dist. LEXIS 11136, at *6-*7 (noting that the court has authority to extend the deadline for filing a jury demand under Rule 6(b)(2) and that "'[e]xcusable neglect' under Rule 6(b) is a somewhat elastic concept,' and is 'at bottom an equitable [doctrine].' . . . Even 'mere inadvertence, without more, can in some circumstances be enough to constitute 'excusable neglect' justifying relief under Rule 6(b)(2).'") (internal citations omitted, brackets in original) (quoting *Raymond v. International Business Machines Corp.*, 148 F.3d 63, 68 (2d Cir., 1998). *See also*, *Gold & Rosenblatt, LLC*, 2012 U.S. Dist. LEXIS 65192, *8-*9 ("Under Rule 6(b), the Court applies equitable criteria, 'including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith' to assess whether there is excusable neglect justifying retroactive extension of the deadline to serve a jury demand.") (quoting *Raymond*, 148 F.3d at 65-67). As discussed above, there is no prejudice to Defendant in granting Plaintiffs a jury trial, the delay was not substantial from the time the jury demand would have been due to the date of the filing of Plaintiff's Motion, the reason for the delay is counsel's misinterpretation of the plain language of the requirements of Rule 81(c)(3)(A) and belief that no jury demand was required, and Plaintiffs have acted in good

faith. Thus, the Court should extend Plaintiffs' time to file a jury demand to 10-days from the date of the entry of an order granting Plaintiffs' Motion.

## **CONCLUSION**

For all of the foregoing reasons Plaintiffs' Motion should be granted and the case should proceed to a jury trial when it is trial ready.

                              PLAINTIFFS,
                              SAMUEL WAKNINE AND
                              JEANNE BENNY-WAKNINE

                              By: */s/ James M. Moriarty*
                              Matthew K. Beatman (ct08923)
                              James Moriarty, Esq. (ct21876)
                              Zeisler & Zeisler, P.C.
                              10 Middle Street
                              15th Floor
                              Bridgeport, CT 06604
                              (203) 368-4234
                              (203) 368-5475
                              mbeatman@zeislaw.com
                              jmoriarty@zeislaw.com