UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAMUEL WAKNINE AND JEANNE BENNY-WAKNINE, | : | |
| | : | |
| Plaintiffs, | : | Case No. 3:23-cv-00505 (SRU) |
| v. | : | |
| | : | |
| AMGUARD INSURANCE COMPANY | : | |
| | : | December 18, 2024 |
| Defendant. | : | |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION FOR JURY TRIAL**

Pursuant to D. Conn. L. Civ. R. 7(d), plaintiffs, Samuel Waknine and Jeanne Benny-Waknine (collectively "Plaintiffs"), by and through their undersigned counsel, respectfully submit their Reply in Further Support of their Fed. R. Civ. P. 39(b) and 6(b) Motion for Jury Trial ("Plaintiffs' Motion").

**ARGUMENT**

Defendant, AmGuard Insurance Company ("Defendant"), asks this Court to reject well-settled Second Circuit precedent holding that the Rule 39(b) standard is relaxed in removed cases because the 1975 decision establishing this rule originated in a case removed from New York state court. *See Higgins v. Boeing Co.*, 526 F.2d 1004 (2d Cir. 1975). *See also Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389 (2d Cir. 1982) (also removed from New York state court). The rule announced in *Higgins* and followed in *Cascone* has been followed in the District of Connecticut for decades, including by this Court in *Hoag v. Cellco P'Ship*, 2007 U.S. Dist. LEXIS 11136 (D. Conn., Feb. 16, 2007); Defendant offers no compelling reason for the application of a stricter standard in this removed case.

Defendant likewise ignores that Connecticut state courts, like federal district courts, are afforded discretion in ordering jury trials in cases where jury demands are filed out of time. *Conn.*

*Gen. Stat.* § 52-215. *See Rathburn v. Ala Westerly, LLC*, Superior Court, docket No. CV136017549S, 2015 Conn. Super. LEXIS 137, *4 (Conn. Super., Jan. 16, 2015) (noting that the "clear intent" of section 52-215 is to provide courts with discretion to place cases on the jury docket when a jury claim is filed outside of the statutory timelines).[1] *See also*, *Leahey v. Heasley*, 127 Conn. 332, 336 (1940) (stating that statutes governing the time for filing jury claims "should be construed so as to uphold the right of reasonable regulation; [but] they should also be construed so as not to deprive a party of his full right to a trial by a jury"). Thus, Connecticut state law provides for at least "some play in the joints," *Cascone*, 702 F.2d at 392, with late filed jury demands, and the fact that this case was removed from a Connecticut state court, rather than a New York state court, does not support the application of a more stringent standard to Plaintiffs' Motion. *See Higgins*, 526 F.2d at 1007 (". . . the applicable state law does permit the trial court to "relieve a party from the effect of failing to comply with this section if no undue prejudice to the rights of another party would result. . . . We think this discretionary right must be read into the language of Rule 81(c); it comports also with Rule 39(b).").

The fact that Plaintiffs counsel has appeared in a number of cases within the District of Connecticut likewise does not mandate the application of a more stringent standard to the Plaintiffs' Motion in this removed case. *See Gold & Rosenblatt, LLC v. JP Morgan Chase Bank, N.A.*, 2012 U.S. Dist. LEXIS 65192, *7 (S.D.N.Y., May 8, 2012) (refusing to apply more stringent *Noonan* test to Rule 39(b) motion where plaintiff's counsel had knowledge of the applicable federal procedures). It is Rule 81(c), and counsel's interpretation that no jury demand was required

[1] *Rathburn* notes that the discretion afforded by section 52-215 is used sparingly, 2015 Conn. Super. LEXIS 137, at *4, but infrequent use does not diminish that discretion exists and Connecticut law allows for untimely jury demands.

based on the Rule's use of the past tense phrase "did not", that is at issue; Rule 81(c) is only applicable because the case was removed from superior court.

Defendant argues that counsel's interpretation of Rule 81(c) was not reasonable because it is inconsistent with both Connecticut state and federal practice, but Plaintiffs' counsel's interpretation of Rule 81(c) is perfectly consistent with federal practice which does not require a jury demand to be made in all removed cases. *See Cascone,* 702 F.2d 389, at 391. Indeed, if Defendant's counsel truly believed that the section of Rule 81(c) at issue was as clear as counsel contends counsel would not have substituted the phrase "does not" in place of "did not" when describing the rule. (*See* Memorandum of Law in Opposition to Plaintiffs' Motion for Jury Trial ("Memorandum in Opposition"), [ECF No. 53] at 3) ("Second, where the state procedural law applicable prior to removal ***does not*** require a jury demand – such demand is not required after removal.") (emphasis added).

Lastly, Defendant has not identified any prejudice that it will suffer if the Court grants Plaintiffs' Motion. *See Janetos v. Home Depot U.S.A., Inc.*, 2012 U.S. Dist. LEXIS 137595, *13 (E.D.N.Y., Sept. 25, 2012) ( "[t]he inquiry is not whether Defendant will be prejudiced by a jury trial, but whether Defendant will suffer prejudice as a result of the *late demand* for a jury trial"). Defendant generally complains about the timing of depositions, but fails to note that it has joined in [ECF No. 29, 30], not opposed [ECF Nos. 36, 37], and consented to [ECF Nos. 38, 40, 45, 46], all motions filed in this case to extend scheduling order deadlines. Defendant's counsel also welcomed the Court's suggesting during the December 13, 2024 status conference of an additional 45-day extension of the fact discovery cutoff date to provide time for Defendant to conduct additional discovery after taking Mr. Waknine's deposition which is scheduled for January 9, 2025 [ECF No. 55]. Indeed, Defendant did not seek to compel either Plaintiff's deposition, instead

focusing on discovery from third-party Access Restoration whose deposition Defendant did move to compel. (*See* ECF No. 32]. Defendant's general complaints about deposition timing do not establish that Defendant "will suffer prejudice as a result of the *late demand* for a jury trial" sufficient to deny Plaintiff's Motion.[2]

## CONCLUSION

For all of the foregoing reasons, as well as those set forth in Plaintiffs' November 26, 2024, Memorandum of Law in Support of Motion for Jury Trial, Plaintiffs' Motion should be granted and the case should proceed to a jury trial when it is trial ready.

PLAINTIFFS,
SAMUEL WAKNINE AND
JEANNE BENNY-WAKNINE

By: */s/ James M. Moriarty*

Matthew K. Beatman (ct08923)
James Moriarty, Esq. (ct21876)
Zeisler & Zeisler, P.C.
10 Middle Street
15th Floor
Bridgeport, CT 06604
(203) 368-4234
(203) 368-5475
mbeatman@zeislaw.com
jmoriarty@zeislaw.com

[2] Defendant filed its Memorandum in Opposition with its arguments regarding deposition timing on December 12, 2024, five days before the 21-day deadline to file had expired and the day before a scheduled call with the Court to discuss scheduling Plaintiffs' depositions.