UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAMUEL WAKNINE AND JEANNE BENNY-WAKNINE, | : : : | |
| Plaintiffs, | : | Case No. 3:23-cv-00505 (SRU) |
| v. | : : | |
| AMGUARD INSURANCE COMPANY | : : | March 18, 2025 |
| Defendant. | : | |

**STIPULATION CONCERNING DEPOSITIONS BY REMOTE MEANS**

Pursuant to Fed. R. Civ. P. 30(b)(4), plaintiffs, Samuel Waknine and Jeanne Benny-Waknine (collectively "Plaintiffs") and defendant AmGUARD Insurance Company ("Defendant"), through their undersigned counsel, hereby stipulate and agree to the following procedures for remote depositions to be conducted in this action:

1. Either party may conduct a deposition via remote means, *i.e.*, telephone, Zoom, Teams, or other similar platform by stating in the notice of deposition or subpoena that the deposition will be conducted via remote means.

2. Depositions conducted via remote means shall adhere to the following procedures:

    a. The reporter and the witness shall be in the same room and the witness shall provide the reporter with identification sufficient to show that they are the person named in the notice of deposition or subpoena.

    b. The noticing and/or subpoenaing party shall arrange for the availability of the platform to be used for the deposition and shall provide a link to the platform to the reporter, assuming the reporting service is not providing the platform, and the adverse party at least three days prior to the deposition.

    c. For depositions conducted with video the noticing/subpoenaing party shall be responsible for providing the witness with the necessary hardware and software, *i.e.*, a laptop computer with a camera, speakers and the necessary software to permit the witness to access the platform utilized for the deposition. Witnesses shall not use personal or business computers or other devices, *e.g.*, tablets or phones, to access the deposition platform.

    d. Each person attending a remote means deposition utilizing video shall be visible, and their statements shall be audible, to all other participants. No counsel shall initiate a private conference, including through text message, electronic mail, or the chat feature in the videoconferencing system, with any deponent while a question is pending, except for the purpose of determining whether a privilege should be asserted.

    e. Exhibits of the noticing/subpoenaing party shall be pre-marked and provided to the reporter no later than one business day prior to the deposition. Exhibits shall be provided in the format requested by the reporter with the understanding that the reporter will provide paper copies of exhibits introduced during the deposition to the witness as they are introduced. The reporter will take custody of the copies of the exhibits provided to the witness during the deposition and return them to counsel who introduced the exhibit(s). This section does not apply to documents used solely for the purposes of cross-examination and rebuttal.

    f. Pre-marked exhibits of the noticing/subpoenaing party shall be provided to opposing counsel at least 60-minutes prior to the noticed start time of the

deposition and may be delivered via electronic means. Counsel shall not distribute, show, or discuss the pre-marked exhibits to or with the witness prior to or during a deposition, the intent being that the deposition, from the standpoint of the witness vis-à-vis exhibits, will be the same as an in-person deposition. This section does not apply to documents used solely for the purposes of cross-examination and rebuttal.

3. The parties agree that depositions conducted via remote means may be used at a trial or hearing to the same extent that an in-person deposition may be so used, and the parties further agree not to object to the use of deposition testimony on the basis that the deposition was conducted remotely.

4. Except as otherwise stated herein, the deposition shall be conducted and recorded in accordance with the Federal Rules of Civil Procedure and the notice of deposition or subpoena as if the deposition was conducted in-person, and nothing herein shall preclude a party from recording a deposition via video, in addition to stenographic means.

| PLAINTIFFS, | DEFENDANT, |
| SAMUEL WAKNINE AND | AMGUARD INSURANCE |
| JEANNE BENNY-WAKNINE | COMPANY |

By: *James M. Moriarty*
Matthew K. Beatman (ct08923)
James Moriarty, Esq. (ct21876)
Zeisler & Zeisler, P.C.
10 Middle Street
15th Floor
Bridgeport, CT 06604
(203) 368-4234
(203) 368-5475
mbeatman@zeislaw.com
jmoriarty@zeislaw.com

By: *Michael Menepace*
Robyn E. Gallagher (ct29596)
Michael Menepace (ct26610)
Wiggin & Dana LLP
20 Church Street
Hartford, CT 06103
(860) 297-3700
rgallagher@wiggin.com
mmenapace@wiggin.com