## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAMUEL WAKNINE, et al.,<br>        Plaintiffs, | No. 3:23-cv-505 (SRU) |
| v. | |
| AMGUARD INSURANCE COMPANY,<br>        Defendant. | |

### ORDER ON MOTION FOR JURY TRIAL

Samuel and Jeanne Benny-Waknine (the "Waknines") sued AmGUARD Insurance Company ("AmGUARD") in Connecticut Superior Court on March 20, 2023. *See generally* Doc. No. 1-1. AmGUARD filed a notice removing the case to the United States District Court for the District of Connecticut (the "District of Connecticut") on April 21, 2023. Doc. No. 1. On November 26, 2024, the Waknines moved for a jury trial. Doc. No. 50. AmGUARD opposes the Waknines' motion. Doc. No. 53. For the reasons set forth below, the Waknines' motion for a jury trial is **denied**. Doc. No. 50.

### I.    Standard of Review

A party properly demands a jury trial in federal court when they serve and file a written jury trial demand. Fed. R. Civ. P. 38. Rule 81(c)(3) prescribes the procedure to demand a jury trial in cases originally filed in state court and subsequently removed to federal court. *See* Fed. R. Civ. P. 81(c)(3); Fed. R. Civ. P. 38 advisory committee's note on rules 1937 ("Rule 81(c) provides for claim for jury trial in removed actions.").

"A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal." Fed. R. Civ. P. 81(c)(3)(A). "If the state law did

not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time." *Id.* Conversely,

> If all necessary pleadings have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 14 days after:  (i) it files a notice of removal; or (ii) it is served with a notice of removal filed by another party.

Fed. R. Civ. P. 81(c)(3)(B).

If a party does not properly demand a jury trial, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b).  Under Rule 39(b), "mere inadvertence in failing to make a timely jury demand does not warrant a favorable exercise of discretion under Rule 39(b)." *Noonan v. Cunard S.S. Co.*, 375 F.2d 69, 70 (2d Cir. 1967).  The Second Circuit analyzes the following factors to determine whether a court should permit "a late jury demand" in a case originally filed in state court:  "(1) whether the case is traditionally of the type tried by a jury, (2) whether the parties have proceeded on the assumption that the matter would be tried to a jury, and (3) whether the defendant will be prejudiced." *Cote v. United of Omaha Life Ins. Co.*, 2016 WL 868158, at *2 (D. Conn. Mar. 7, 2016).  Additionally, courts consider the attorney's level of experience practicing in federal courts. *Cascone v. Ortho Pharm. Corp.*, 702 F.2d 389, 393 (2d Cir. 1983) (finding more than mere advertence where an attorney "was admitted to practice in the federal courts only a year before [the] suit was filed.").

## II.    Background

On March 20, 2023, the Waknines brought five claims against AmGUARD stemming from a property insurance coverage dispute. *See generally* Doc. No. 1-1.  After removing the case to the District of Connecticut on April 21, 2023, AmGUARD moved to dismiss counts three and five of the Waknines' complaint on May 24, 2023.  Docs. No. 1, 16.  I granted in part and

denied in part AmGUARD's motion to dismiss on March 4, 2024, dismissing count three, the

Waknines' negligence claim.  Doc. No. 34.  AmGUARD filed an answer to the Waknines' four

remaining claims on June 25, 2024.  Doc. No. 39.

On November 26, 2024, the Waknines moved for a jury trial order on "the four remaining

counts of their complaint."  Doc. No. 50 at 1.  AmGUARD opposes their motion.  Doc. No. 53.

## III.    Discussion

The Waknines argue that a jury trial may be ordered pursuant to Rule 39(b) because their

claims are ones typically tried by a jury, AmGUARD will not be prejudiced by a jury trial order,

and the time for filing a jury demand should be extended pursuant to Rule 6(b).  Doc. No. 51 at

3-9.  AmGUARD disagrees, responding that:  (1) the Waknines waived their right to a jury trial;

(2) insurance coverage matters may be sent to a bench trial; (3) AmGUARD will be prejudiced

by a jury demand; and (4) the Waknines should not be granted additional time to file a jury

demand under Rule 6(b).  Doc. No. 53 at 2-11.

Both parties agree that all necessary pleadings were not served at the time of removal.

Doc. No. 51 at 4; Doc. No. 53 at 3-4.  Further, Connecticut state law expressly requires a party to

make a written jury demand in civil cases; if neither party makes that request, "a jury shall be

deemed waived."  Conn. Gen. Stat. § 52-215; Conn. Gen. Stat. § 51-239b.  *See also* Fed. R. Civ.

P. 81(c) advisory committee's note on 1963 amendment ("[T]o avoid unintended waivers of jury

trial, . . . where by State law applicable in the court from which the case is removed a party is

entitled to jury trial without making an express demand, [they] need not make a demand after

removal.").  Therefore, "the deadline for filing a jury demand became subject to Rule 38," which

required the Waknines to file a jury demand "no later than 14 days after the last pleading

directed to the issue is served." *Hoag v. Cellco P'ship*, 2007 WL 549738, at *1 (D. Conn. Feb. 16, 2007); Fed. R. Civ. P. 38.

The Waknines concede that courts interpret Rule 83(c)(3)(A) to require a jury demand in similar cases, and they should have made a jury demand "no later than 14-days after [AmGUARD] filed its answer, *i.e.*, on or before July 5, 2024." Doc. No. 51 at 4. *See Osei-Assibey v. Stop & Shop Supermarket Co. LLC*, 2023 WL 4577776, at *1-3 (D. Conn. July 18, 2023) (denying a jury trial demand when a party failed to file a jury trial demand until two years after the case was removed). However, the Waknines urge me to grant their motion for a jury trial demand under "the more relaxed standard for relief under Rule 39(b)." Doc. No. 51 at 5.

 "Only a showing beyond mere inadvertence would justify" granting the Waknines relief under Rule 39(b). *Raymond v. Int'l Bus. Machines Corp.*, 148 F.3d 63, 65 (2d Cir. 1998) (internal citation and quotation marks omitted); *Cote v. United of Omaha Life Ins. Co.*, 2016 WL 868158, at *2 (D. Conn. Mar. 7, 2016) ("[A] plaintiff must show that the delay [in filing a jury trial demand] was caused by more than mere inadvertence.") (internal quotation marks omitted).

The Waknines' misinterpretation of Rule 81(c)(3) as not requiring them to *ever* file a jury trial demand in federal court, despite Connecticut law expressly requiring they do so if the case had remained in Connecticut state court, does not seem to be "beyond mere inadvertence." *Raymond*, 148 F.3d at 65. In a scheduling order filed less than two months after the case was removed, the court repeatedly references a bench trial to be held in October 2024 or April 2025. Doc. No. 22. At that point, the Waknines should have been on notice that the case would not be tried by a jury. Further, the reasons for applying a more "relaxed standard" are inapplicable to this case. *Hoag*, 2007 WL 549738, at *1 (deciding to apply a relaxed standard after considering whether the case involved "issue[s] typically tried by a jury . . . , whether the parties had

4

operated under the assumption that the case would be tried by a jury even though the demand was not properly made, as well as plaintiff's counsel's familiarity with state court practice versus federal court practice."). The Waknines' counsel do not claim to be unacquainted with federal practice and this case is well-suited for a bench trial. *See* Doc. No. 51 at 7 n.1 ("Counsel does not suggest that they are unfamiliar with this Court's rules or practice in the federal courts . . . ."). *See also Atl. Specialty Ins. Co. v. Coastal Env't Grp. Inc.*, 945 F.3d 53 (2d Cir. 2019) (affirming judgment for insured after bench trial on insurance policy dispute). There is no reason to "overlook lack of compliance with the federal procedural rules" here. *Cascone v. Ortho Pharm. Corp.*, 702 F.2d 389, 392 (2d Cir. 1983). Accepting the Waknines' argument would

> [E]ffectively negate Connecticut's requirement that a claim for jury trial be filed within ten days of the close of pleadings and counsel could simply wait as long as he or she desired before filing a request, without consequence, so long as there was no obvious prejudice to a defendant and the type of case usually is tried before a jury. This is not an acceptable outcome.

*Kaczor v. Mills*, 2005 WL 2146090, at *3 (D. Conn. Sept. 1, 2005).

Additionally, accounting for "all [the] relevant circumstances" discussed above, I find the Waknines' failure to file a timely jury demand does not constitute "excusable neglect" under Rule 6(b)(1)(B). *Raymond*, 148 F.3d at 66 ("The inquiry into whether a failure to abide by a specified time constraint constitutes 'excusable neglect' is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission,' including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith.") (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); Fed. R. Civ. P. 6(b)(1)(B).

Accordingly, I decline to exercise my discretion to order a jury trial in this case and **deny** the Waknines' motion for a jury trial. Doc. No. 50.

**IV.    Conclusion**

For all the foregoing reasons, the Waknines' motion for a jury trial, doc. no. 50, is

**denied**.

So ordered.

Dated at Bridgeport, Connecticut, this 14th day of August 2025.


/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge